# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| KENNETH M. WETTERMAN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | CAUSE NO. 3:16-CV-686-PPS |
| LIAW, *et. al.*, | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Kenneth M. Wetterman, a prisoner without a lawyer, filed an amended complaint against four defendants alleging that he was denied treatment and pain medication for his knee injury. ECF 15. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Wetterman alleges that after he injured his knee on October 20, 2014, he requested medical attention. ECF 15 at 5. He was seen by Nurse Saulsgiver on October 24, 2014. Wetterman requested an MRI, an x-ray, crutches, pain medication, and an opportunity to consult a doctor. Saulsgiver told him that she could not order diagnostic image testing or prescribe pain medication beyond Tylenol. When she saw him again on October 28, 2014,

he again requested imaging, pain medication, and a visit with a doctor. Saulsgiver told him that, pursuant to Corizon Health Services' policy, she could not provide him with any additional treatment, including any additional over-the-counter pain medication. Wetterman was seen by Nurse Saulsgiver again on November 2, 2014. Nurse Saulsgiver reiterated her inability to provide him with additional treatment pursuant to Corizon policy. However, during this visit she did schedule him to see a doctor.

On November 12, 2014 Wetterman was seen by Dr. Liaw. Wetterman requested imaging of his knee and pain medication. While Dr. Liaw prescribed medication for the inflamation, he told Wetterman that he could not order imaging due to Corizon policy. Wetterman saw Nurse Saulsgiver again on November 20, 2014, and she scheduled him to see Dr. Liaw. He saw Dr. Liaw on November 30, 2014. ECF 15 at 10. Dr. Liaw continued to deny his request for imaging and additional pain medication, and instead scheduled him for physical therapy. ECF 15 at 8. Wetterman claims that over the next seven months he met with Dr. Liaw six additional times and at each visit he requested imaging tests and asked when he would begin physical therapy. His first physical therapy appointment was on June 3, 2015. The physical therapist ordered an MRI. In July, he received his MRI and was seen by an orthopaedic specialist who told him that he needed knee surgery.

Wetterman received surgery on October 15, 2015. When he returned to the prison that day, Dr. A.J. Shahada ordered that Wetterman's pain medication be decreased by half, so that he only received one 50 mg. Tramadol pill every 12 hours. He argues that this dose was insufficient to manage his severe pain after his surgery.

Wetterman asserts that Nurse Saulsgiver and Dr. Liaw were deliberately indifferent to his serious medical needs by delaying his medical treatment. He claims that Dr. Shahada was also deliberately indifferent to his medical needs by decreasing his pain medication after the surgery. Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted). Here, Wetterman has stated a plausible claim that defendants Saulsgiver, Liaw, and Shahada were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

Wetterman's complaint also alleges a policy claim against Corizon Health Services. He claims that it was Corizon policy to delay any treatment of a suspected orthopaedic injury, and to deny ordering diagnostic image testing. A private company performing a state function can be held liable to the same extent as a municipal entity under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *See Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012) (Monell framework applies to private company providing medical care at correctional facility). Based on Wetterman's allegation that Corizon had a practice or policy of delaying necessary medical treatment, he has stated a claim.

For these reasons, the court:

(1) **GRANTS** Kenneth Wetterman leave to proceed against Nurse Saulsgiver in her individual capacity for compensatory damages for delaying medical treatment of his knee injury between October 24, 2014, and June 3, 2015, in violation of the Eighth Amendment;

(2) **GRANTS** Kenneth Wetterman leave to proceed against Dr. Laiw in his individual capacity for compensatory damages for delaying medical treatment of his knee injury between November 12, 2014, and June 3, 2015, in violation of the Eighth Amendment;

(3) **GRANTS** Kenneth Wetterman leave to proceed against Dr. A.J. Shahada in his individual capacity for compensatory damages for decreasing his pain medication on October 15, 2015, in violation of the Eighth Amendment;

(4) **GRANTS** Kenneth Wetterman leave to proceed against Corizon Health Services for compensatory damages for its policy or practice of denying diagnostic imaging of, and delaying treatment for, orthopaedic injuries in violation of the Eighth Amendment;

(5) **DISMISSES** all other claims;

(6) **DIRECTS** the clerk and the United States Marshals Service to issue and serve process on Nurse Saulsgiver, Dr. Liaw, Dr. A.J. Shahada, and Corizon Health Services, with a copy of this order and the amended complaint (ECF 15) as required by 28 U.S.C. § 1915(d); and

(7) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Nurse Saulsgiver, Dr. Liaw, Dr. A.J. Shahada, and Corizon Health Services respond, as provided for in the Federal

Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED**.

ENTERED: August 17, 2017

                                                       /s Philip P. Simon  
                                                       Judge  
                                                       United States District Court